THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH AND WELFARE FUND et al.,<br><br>Plaintiff,<br><br>v.<br><br>LANDON CONSTRUCTION GROUP et al.,<br><br>Defendant. | CASE NO. C11-0068-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

I.   **BACKGROUND**

This case concerns unpaid contributions allegedly due to Plaintiffs, employee benefit trust funds, under the terms of several collective bargaining agreements between Plaintiffs and a construction and glazing company, Julius Stewart, Inc. ("JSI"). The remaining defendants are (1) Landon Construction, LLC ("Landon"), a construction company that has owned JSI since March 2009; (2) Binh Nguyen, an owner of Landon; and (3) Nha Nguyen, the wife of Defendant Binh

Nguyen.[1] Plaintiffs now move for summary judgment against Defendants.

## II. DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." An issue of fact is genuine if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id*. at 255. The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### A. Monetary Claims

Plaintiffs ask for a judgment of $79,491.54 in contributions; $9,698.88 in liquidated damages; and $10,607.74 in interest, for a total of $99,798.16. (Pl. Proposed Order (Dkt. No. 31-1 at 2).) Plaintiffs also ask for $10,954.35 in attorney's fees and $2,135.10 in costs. (*Id*.) In support of these monetary claims, Plaintiffs have submitted several declarations and exhibits.

The Court finds that there are several disputed factual issues with respect to Plaintiffs' monetary claims that preclude the entry of summary judgment.

(1) <u>Dispute Over When the November 30, 2010 Checks Were Recorded</u>: The claims summary submitted by Plaintiff does not record any payments from Landon in November or December 2010. However, Defendants assert that Landon issued $6,528.59 to the Plaintiffs in November 2010, and that this amount has not been recorded by the Plaintiff trusts. (Nguyen

---

[1] The other defendants, Gregory L. Bogard and Jane Doe Bogard, were dismissed on September 20, 2011 pursuant to the parties' joint request. (*See* Dkt. No. 26.)

ORDER
PAGE - 2

1  Decl. (Nguyen Decl. (Dkt. No. 29 at 4).) In support of this claim, Defendants have submitted a
2  sworn declaration from Mr. Nguyen attaching copies of checks that were issued to the plaintiff
3  Trusts on November 30, 2010. (Nguyen Decl. (Dkt. No. 29, Ex. B).)

4      Plaintiffs respond that the November checks were applied to the Trust fund for the
5  months of July, August, and September 2010, and are thus included in the balance owing.
6  (Kollman Decl. (Dkt. No. 32 at 3).)  In support of this assertion, Plaintiffs submitted a
7  declaration from the plan administrator for Employee Painters' Trust Health and Welfare Fund.
8  (Kollman Decl. (Dkt. No. 32).)

9      Viewing the evidence in the light most favorable to the non-moving party, the Court finds
10 there is a genuine issue of fact here. While the declaration submitted by Plaintiffs states that their
11 business records show that the November checks were applied to prior months, the claims
12 summary does not specify which checks form part of the payments recorded each month, and the
13 Plaintiffs have not submitted ledger records or other evidence that would conclusively determine
14 how the November checks were treated. Thus, on the basis of the available evidence, a
15 reasonable fact-finder could find in favor of the Defendants on this issue.

16     (2)    <u>Improper Payments Discovered During the Audit</u>: Defendants argue that the claim
17 summary should include a credit for $1,749.76 in "improper payments" that were made by
18 Landon during July 2009 and October 2009. (Def. Resp. (Dkt. No. 28 at 4).) As Defendants point
19 out, an audit report supports the existence of these payments (*see* Maxwell Decl. (Dkt. No. 22 at
20 64-65)), and the payments do not appear to be reflected in the claim summary. (*See* Kollman
21 Decl. (Dkt. No. 32 at 6-7).)

22     In response, Plaintiffs claim that Defendants failed to properly request credit for such
23 "improper payments" to the Trust Funds' Board of Trustees, and that, therefore, Plaintiffs'
24 existing damages calculation should be adopted by the Court. (Kollman Decl. at ¶ 7 (Dkt. No. 32
25 at 3).)

26     Viewing the evidence in the light most favorable to the nonmoving party, the Court finds

there is a genuine issue of fact here as to whether Landon Construction's prior improper payments have been or should be included in the calculation of the total amount owing.

### B. Liability Claims

In light of the factual issues pertaining to the monetary claims in this case, the Court will not grant Plaintiffs' motion for summary judgment. Nevertheless, in the interest of aiding the parties in potential settlement discussions, the Court will provide some guidance with respect to the liability issues in this case.

#### i. Liability of Landon Construction

Defendants appear to concede that Landon is liable for the bulk of the unpaid contributions due to Plaintiffs, *i.e.* those that pertain to the period after the company's March 2009 acquisition of JSI. (*See* Def. Resp. (Dkt. No. 28 at 2).) Indeed, the available evidence indicates that Greg Bogard, who was part owner of Landon at the time, signed the Collective Bargaining Agreement between JSI and the union *on behalf of* Landon. (*See* Bogard Dep. at 14:10-23 (Dkt. No. 22, Ex. 14).) The evidence further indicates that Landon, by its conduct, accepted the Collective Bargaining Agreement and acted upon it. (*See* Pl. Motion (Dkt. No. 21 at 8-11); Pl. Reply (Dkt. No. 31 at 2-4).)

However, while Landon's liability subsequent to its acquisition of JSI is apparently undisputed, the parties do dispute the issue of whether Landon is liable for unpaid contributions pertaining to the period before the March 2009 acquisition. (*See* Def. Resp. (Dkt. No. 28 at 3); Nguyen Decl. (Dkt. No. 29 at 4).) This issue turns on the interpretation of the business purchase and sale agreement between JSI and Landon, specifically whether the agreement resulted in Landon assuming JSI's past liabilities pursuant to union agreements. Plaintiffs' claim that Landon used JSI as an alter-ego (*see* Pl. Reply (Dkt. No. 31 at 3-4)) does nothing to resolve the issue. Even if JSI was treated as an alter ego of Landon after it was acquired in March 2009, it does not follow that Landon necessarily absorbed all of JSI's pre-March 2009 liabilities. In fact, Section 2.3.2 and Article III of the purchase and sale agreement suggest quite the opposite. (*See*

Business Purchase and Sales Agreement (Dkt. No. 29, Ex. A). Given the relative paucity of the briefing on this issue, and the Court's decision to deny summary judgment, the Court will not decide the issue here; the parties are directed to provide more extensive briefing on this issue in their trial briefs.

### ii. Liability of Binh and Nha Nguyen

Plaintiffs have sued Binh Nguyen, Nha Nguyen, and the marital community comprised thereof. Plaintiffs appear to have no basis for charging Ms. Nguyen with liability as an individual since none of the allegations in this case relate to her individually, and Plaintiffs have submitted no evidence that she was involved in the affairs of Landon or JSI or otherwise bears personal liability. The Court notes that if judgment were eventually entered against Ms. Nguyen's husband, that judgment would run against the marital community but not against Ms. Nguyen individually. *See DeLano v. Tennent*, 244 P. 273, 276 (Wash. 1926); *Douglas Northwest, Inc. v. Bill O'Brien & Sons Constr.*, 828 P.2d 565, 581 (Wash. Ct. Ap. 1992).

The only real question of individual liability arises with respect to Mr. Nguyen, who was one of the two founding members of Landon and apparently remains as the company's sole owner. Plaintiffs allege that Mr. Nguyen is personally liable for the monies owed to the Plaintiff trusts on account of obligations arising out of the Collective Bargaining Agreement. Specifically, Plaintiffs point to a provision in the Trust Agreements (which the Collective Bargaining Agreement incorporates by reference) that provides for the imposition of individual liability on corporate officers who are "responsible for the payment of contributions by the corporation to the Trust fund." (*See* Pl. Motion (Dkt. No. 21 at 4-5).)

In the assessment of this issue, the Court considers it highly relevant that Mr. Nguyen did not sign the Collective Bargaining Agreement. Indeed, where courts have considered whether to uphold personal liability provisions in collective bargaining agreements, the question of whether the officer at issue signed the contract has been a key consideration. *See, e.g. Employee Painters' Trust v. J&B Finishes*, 77 F.3d 1188, 1192 (9th Cir. 1996) (holding that a company president

1  was personally liable for breaches of the collective bargaining agreement where he had signed
2  the agreement); *Employee Painters' Trust Health & Welfare Fund v. Bessey*, 2009 WL 3347588
3  (W.D. Wash. Oct. 15, 2009) (holding that a company president who had signed the collective
4  bargaining agreement was personally liable for unfunded contributions); *Employee Painters'*
5  *Trust Health & Welfare Fund v. Pro-Tec Fireproofing, Inc.*, 2008 WL 5262775 (W.D. Wash.
6  Dec. 16, 2008) (finding that the facts did not show that a corporate treasurer was personally
7  liable for unpaid employee benefit contributions – even though the relevant agreement contained
8  an individual liability provision that specifically referenced the company treasurer – since the
9  treasurer was not a signatory to the relevant agreement). Notably, Plaintiffs cite no authority for
10 imposing personal liability on an LLC member who did not sign the underlying collective
11 bargaining agreement.

12 **III.   CONCLUSION**

13      For the foregoing reasons, the Court finds that Plaintiffs have failed to show that there is
14 no genuine dispute as to any material fact and that Plaintiffs are entitled to judgment as a matter
15 of law. The Court therefore DENIES Plaintiffs' motion for summary judgment (Dkt. No. 21).
16      DATED this 22nd day of November 2011.

            *[signature: John C. Coughenour]*

            John C. Coughenour
            UNITED STATES DISTRICT JUDGE